1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5              FOR THE DISTRICT OF ARIZONA

6

7   Christina   Zandonatti,   an   unmarried)
    woman,                                  )
8                                           )      No.   CV 10-468-TUC-DCB (BPV)
                    Plaintiff,              )
9   vs.                                     )
                                            )
10                                          )      **REPORT AND**
                                            )      **RECOMMENDATION**
11  MERS, as nominee for PRO30 Funding      )
    (Original Lender); EMC Mortgage Corp.   )
    (Attorney in Fact for Beneficiary);     )
12  Quality Loan Service Corp. (Substitute  )
    Trustee); Red House Lending, Inc.       )
13  (Mortgage Broker), Unknown parties,     )
                                            )
14                  Defendants.             )
                                            )

15
        Pending before the court is a motion to remand filed by the Plaintiff, Christina
16
    Zandonatti, on September 7, 2010.  (Doc. 9.)
17
        On August 3, 2010, Defendant EMC Mortgage Corp. removed this case from
18
    Pima County Superior Court alleging federal question jurisdiction.
19
        The case has been referred to Magistrate Judge Velasco for all pretrial matters
20
    pursuant to Local Civil Rule 72.2 Rules of Practice of the U.S. District Court for the
21
    District Court of Arizona.
22
        For reasons which follow, the Magistrate Judge recommends that the District
23
    Court DENY Defendant's Motion for Remand.
24
    //
25
    //
26
    //
27
    //
28

1  **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2       On April 21, 2006, Zandonatti borrowed $271,900.00 from the Defendants

3  PRO30 FUNDING and Mortgage Electronic Registration System ("MERS") to

4  purchase a certain property in Tucson, Arizona.  (Notice of Removal, Complaint)

5  Zandonatti assumed an adjustable rate mortgage with an interest rate initially set at

6  8.00%, rising to 11.00% after 5 years with adjustments every six months after that to

7  a high of 13.00%.  *Id.*  The loan also contained an interest only provision for the first

8  10 years.

9       On July 15, 2010, Zandonatti filed in Pima County Superior Court a complaint

10 seeking damages, declaratory and injunctive relief against  Defendants for alleged

11 wrongdoing with regard to the Plaintiff's mortgage loan under the following theories:

12 Violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* and Regulation Z

13 ("TILA"); Violations of the Real Estate Settlement Practices Act, 12 U.S.C. §§ 2601,

14 et. seq. ("RESPA"); and a variety of state law claims, including fraud, breach of

15 fiduciary duty, breach of good faith and fair dealing, and quiet title.  Id.

16      On August 3, 2010, Defendant EMC Mortgage Corp. ("EMC") filed a notice of

17 removal in this court alleging federal question jurisdiction.  EMC asserted in its notice

18 that counsel for the Defendant Quality Loan Service Corp. ("QLS") was contacted was

19 contacted and confirmed that it consented to the removal.  (Notice of Removal.)  EMC

20 asserted that the docketed did not indicate that Defendant MERS had been served, and

21 that Defendants PRO30 Funding and Red House Lending, Inc., upon information and

22 belief, no longer exist.  Id.

23      In its Supplemental Civil Cover Sheet, EMC stated it was served on July 22,

24 2010, but no other party had been served at the time of removal.  (Notice of Removal,

25 attachments.)

26      On September 7, 2010, Zandonatti filed the instant motion to remand.  She

27 moves that the Court remand the action to State court because the federal claims are

28

1   merely "collateral" and not "basic" and "necessary" to the complaint and because all

2   Defendants did not join in the notice of removal.  (Doc. 9.)

3       On September 8, 2010, EMC filed a response to Zandonatti's motio nto remand.

4   (Doc. 10.)  Zandonatti filed a reply on October 4, 2010.  (Doc. 13.)

5   **II.    DISCUSSION**

6       A.    Federal Question Jurisdiction

7       In general, "any civil action brought in a State court of which the district courts

8   of the United States have original jurisdiction, may be removed by the defendant or the

9   defendants . . . ."  28 U.S.C. § 1441(a).  The defendant has the burden of proving

10  removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992).  In this case, EMC

11  argues removal is proper because this court has federal question jurisdiction.  (Notice

12  of Removal.)

13      "As a general rule, the presence or absence of federal question jurisdiction is

14  governed by the 'well-pleaded complaint rule' which provides that federal jurisdiction

15  exists only when a federal question is presented on the face of the plaintiff's properly

16  pleaded complaint." *Arco Environmental Remediation v. Department of Health and*

17  *Environmental Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000).

18  "As the master of the complaint, a plaintiff may defeat removal by choosing not to

19  plead independent federal claims." *Id.* at 1114.

20      In this case, Zandonatti chose to include in her complaint two federal statutory

21  claims:  a claim pursuant to the Truth In Lending Act, 15 U.S.C. §§ 1601, *et seq.*, and

22  a claim pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et*

23  *seq.* The court therefore has original jurisdiction over this action pursuant to 28 U.S.C.

24  1331.

25      Zandonatti argues that a party who brings suit is a "master of the claim and may

26  decide to rely exclusively on state law to avoid federal jurisdiction, citing *Caterpillar,*

27  *Inc. v. William*, 482 U.S. 386, 392 (1987).  Plaintiff, however, chose to allege two

28

- 3 -

1  claims based on federal statutes and regulations.  The federal claims are alleged plainly

2  and distinctly, and are not  merely collateral to the state law claims.  As long as her

3  complaint contains at least one federal cause of action, this court has original

4  jurisdiction and removal is proper. *See Wisconsin Dept. of Corrections v. Schacht*, 524

5  U.S. 381, 386 (1998) ("We have suggested that the presence of even one claim 'arising

6  under' federal law is sufficient to satisfy the requirement that the case be within the

7  original jurisdiction of the district court for removal.").

8          B.      Unanimity

9          Zandonatti further argues the EMC alleged, without evidence of authority, that

10  all defendants "joined" in the removal.

11          The procedure for removal is codified at 28 U.S.C. § 1446.  The notice of

12  removal must be filed "within thirty days after the receipt by the defendant, through

13  service or otherwise of a copy of the initial pleading" or "within thirty days after the

14  service of summons upon the defendant" in those jurisdictions that require the plaintiff

15  to file the complaint with the court but do not require the plaintiff to serve a copy of the

16  complaint on each defendant. 28 U.S.C. § 1446(b).  In a multi-defendant case, removal

17  is permitted only if the defendants are unanimous in their request for removal. *Hewitt*

18  *v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986).  This is the so-called unanimity

19  rule.  For the purposes of the unanimity rule, those defendants who have not been

20  properly served at the time the notice is filed may be ignored.  *Emrich v. Touche Ross*

21  *& Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

22          In this case, when the notice of removal was filed, only EMC had been properly

23  served.  Accordingly, only EMC needed to sign the notice of removal. The fact that the

24  unserved defendants did not join in the notice of removal does not require remand.

25  //

26  //

27  //

28
                                          - 4 -

1    **III.    RECOMMENDATION**

2            The Magistrate Judge recommends the district court, after its independent review

3    of the record, enter an order DENYING the motion to remand filed by the plaintiff,

4    Christina Zandonatti, on September 7, 2010.  (Doc. 9)

5            Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections

6    within 14 days of being served with a copy of this report and recommendation.    If

7    objections are not timely filed, the party's right to de novo review may be waived.

8            The Clerk is directed to send a copy of this report and recommendation to all

9    parties.

10           DATED this 15th day of December, 2010.

11

12

13

14    _____
                   Bernardo P. Velasco
15               United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28