WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

Christina Zandonatti, an unmarried woman,

        Plaintiff,

v.

MERS, as nominee for PRO30 Funding (Original Lender); EMC Mortgage Corp. (Attorney in Fact for Beneficiary); Quality Loan Service Corp. (Substitute Trustee); Red House Lending, Inc. (Mortgage Broker), Unknown parties,

        Defendant.

CV 10-468-TUC-DCB (BPV)

**ORDER**

**REPORT AND RECOMMENDATION**

This matter having been referred to Magistrate Judge Bernardo P. Velasco on September 16, 2010, pursuant to the Rules of Practice for the United States District Court, District of Arizona (LR Civ.), Rule 72.1(a). On December 15, 2010, Magistrate Judge Velasco issued a Report and Recommendation (R&R). (Doc. 16: R&R.) He recommends denying the Plaintiff's Motion to Remand (doc. 9). The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and denies Plaintiff's Motion to Remand

1.   <u>Standard of Review</u>

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the [district] court

shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the Report and Recommendation *de novo*.

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections.  28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).  To the extent that no objection has been made, arguments to the contrary have been waived.  Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections.  *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the Objection filed by the Plaintiff, and the parties' briefs considered by the Magistrate Judge on the Motion to Remand in respect to her Objection.

2.   Plaintiff's Objections

On December 29, 2010, Plaintiff filed the Objection to the R&R, solely, on the question of unanimity.  She argues that the Defendants were not unanimous in their request for removal of this action from state to federal court. Consequently, she asserts the case was not properly removed and must be remanded.

"In a multi-defendant case, removal is permitted only if the defendants are unanimous in their request for removal."  (R&R at 4 (citation omitted)).  "For purposes of the unanimity

rule, those defendants who have not been properly served at the time the notice is filed may be ignored." *Id.*

Defendant EMC Mortgage Corporation (EMC) signed and filed the Notice of Removal, asserting that Defendant Quality Loan Service Corporation did not object to removal. In her Objection to the R&R, Plaintiff attaches proof that she mailed a copy of the Summons and Complaint by certified mail, with return receipt, to out-of-state Defendants MER and Quality Loan Service Corp. in July, 2010, pursuant to Ariz. R. Civ. P.4.2(c). Defendant Red House Lending is dissolved. The affidavit of proof of service she asserts she filed in the state court proceeding was signed October, 2010, which was subsequent to the case being removed here on August 3, 2010.

Under Rule 4.2(c), service is effected by obtaining the postal receipt and then preparing and filing an affidavit with the court stating: (1) that the party being served is known to be located outside the state; (2) that the summons and a copy of the pleading were dispatched to the party being served; (3) that such papers were in fact received by the party as evidence by the receipt, a copy of which must be attached to the affidavit and (4) the date of the receipt by the party being served and the date of the return of the receipt to the sender. The affidavit is prima facie evidence of personal service of the summons and the complaint. Service is effective upon obtaining the signed postal receipt and filing the affidavit. *Postal Instant Press, Inc. v. Corral Restaurants, Inc.*, 925 P.2d 260, 262 n.2 (Ariz. 1996), opinion supplemented on reconsideration, 930 P.2d 1001 (Ariz. 1997).

The Court finds that the record in this case fully supports the Magistrate Judge's conclusion regarding the unanimity of the removal. "In this case, when the notice of removal was filed, only EMC had been properly served. Accordingly, only EMC needed to sign the notice of removal." (R&R at 4.)

After *de novo* review of the issues raised in Plaintiff's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for determining the pending Motion to Remand. The Court adopts it, and for the reasons stated in the R&R, the Court denies Plaintiff's Motion to Remand.

**MOTIONS TO DISMISS**

Both Defendants EMC and QLS have filed motions to dismiss. The Plaintiff has filed a Response to the Motion to Dismiss filed by QLS, and QLS has filed a Reply. QLS's Motion to Dismiss is ready for disposition by this Court.

Plaintiff has not filed a Response to EMC's Motion to Dismiss. On October 5, 2010, EMC filed a Motion for a Summary Ruling on its Motion to Dismiss, pursuant to Rules of Practice for the United States District Court, District of Arizona (LR Civ.), Rule 7.2(i). When a motion is filed, if the opposing party does not timely file and serve the required responsive memorandum, "such non-compliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily." LR Civ. 7.2(i). Accordingly, the Motion to Dismiss filed by EMC is subject to summary dismissal, pursuant to LR Civ. 7.2(I).

1.   QLS' Motion to Dismiss

QLS seeks dismissal because the only allegations in the Complaint are those contained in paragraphs 28 and 29. In paragraph 28, Plaintiff complains that QLS is not the Creditor, and as Trustee may not assert the right to collect on the obligation and foreclose on the home. In paragraph 29, Plaintiff complains that the Trustee is in reality merely an agent for the certificate holders, with limited power of authority. Neither paragraph states a claim against QLS, the trustee of the Deed of Trust. *See* Motion to Dismiss at 2 (explaining that A.R.S. § 33-807(E) requires immediate dismissal when trustee is sued solely in its capacity as trustee).

In Plaintiff's Response to the QLS Motion to Dismiss she alleges she has "discovered numerous defects with the documents generated in an effort to notice the trustee's sale" is not reflected by the allegations in the Complaint, which are as noted here are limited to paragraphs 28 and 20 and fail to state a claim against QLS.

As well, the Complaint fails to state a claim against Defendant QLS for all the other reasons stated in its Motion to Dismiss.

2.   EMC's Motion to Dismiss

Considering EMC's Motion to Dismiss the Plaintiff's Complaint under Rule 7.2(i) of this Court's Local Rules, the Court looks at four factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In light of these considerations, and because as explained in the EMC Motion to Dismiss the Plaintiff's Complaint fails to state any claims against it, the Court believes that summary dismissal of the Complaint against EMC is warranted.

3.   Leave to File an Amended Complaint

Only because Plaintiff proceeds pro se, the Court will afford her an opportunity to cure the deficiencies in the Complaint by filing an Amended Complaint.  Generally, pro se parties must be given an opportunity to amend the Complaint to overcome a deficiency unless it is clear that no amendment can cure the defect. *Eg., Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987); *Love v. United States,*, 915 F.2d 1242, 1245 (9th Cir. 1989).  Dismissal without leave to amend is appropriate only in the most rare case where a complaint is based on "an indisputably meritless legal theory...[such as] claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist...." *See eg., Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  While the Court believes it is unlikely the Plaintiff's Complaint can be amended to cure the deficiencies identified in the QLS and EMC Motions to Dismiss, the Court will afford her such an opportunity.

In the event Plaintiff files an Amended Complaint she must serve it on each Defendant, pursuant to Fed. R. Civ. P. 5(b) and file a Certificate of Service with this Court, pursuant to Fed. R. Civ. P. 5(d). *In the event the Amended Complaint asserts a new claim for relief against MERS*, she must serve Defendant MERS pursuant to Fed. R. Civ. P. 4 because it has failed to appear. Fed. R. Civ. P.5(a)(2).  Rule 4(h) provides for serving a corporation such

as MERS in a manner prescribed by Rule 4(e)(1) for serving an individual, which allows her to follow the same state law procedures she followed when she served MERS in July.[1]

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand (doc. 9) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Strike Plaintiff's Objection to Removal (doc. 15) is DENIED AS MOOT because the Magistrate Judge treated the Plaintiff's Objection as her Reply in support of her Motion to Remand.

**IT IS FURTHER ORDERED** that the Motion for Summary Ruling (doc. 14) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (doc. 3) filed by EMC on August 4, 2010, is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (doc. 17) filed by QLS on December 23, 2010, is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall dismiss the Complaint, with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall have 30 days to file an Amended Complaint to cure the deficiencies outlined in the Motions to Dismiss filed by Defendants QLS and EMC.

**IT IS FURTHER ORDERED** that THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT.  The Amended Complaint must state specific allegations against proper

---

[1]In other words, if the Amended Complaint does not allege new claims against MERS, she may serve MERS the same way she serves EMC and QLS, which is by mail at their last known address, Fed. R. Civ. P. 5(b), and file a Certificate of Service with the Court, Fed. R. Civ. P. 5(d).  If the Amended Complaint alleges new claims against MERS, she must serve MERS by certified mail and file the requisite affidavit and proof of service with this Court.

Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant.  THE AMENDED COMPLAINT MUST BE RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE.  Local Rule 7.1(c).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS all claims and to close this case, without further notice to Plaintiff, if Plaintiff fails to file the Amended Complaint.

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, she must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court of Arizona (local rules).[2]  Plaintiff is instructed to take special notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i) which provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, she must comply with the rules of service.  Fed. R. Civ. P. 4-6.  <u>Plaintiff shall file with the Clerk of this Court the affidavit of and proof of service she attached to her Objection to the R&R in this case.</u>  Plaintiff shall serve upon Defendants or upon their counsel, a copy of every further pleading submitted to the Court.  Plaintiff shall include a certificate stating the date a true and correct copy of any document was mailed to each Defendant or their counsel.  Fed. R. Civ. P.5(d)(1).  The Court will disregard any document which has not been filed with the Clerk or which fails to include a Certificate of Service.

**IT IS FURTHER ORDERED** that the Plaintiff shall not have any *ex parte* communications with this Court, including telephone calls and letters.

---

[2]The Local Rules of Practice for the United States District Court, District of Arizona, may be obtained at the Pima County Law Library or accessed on the Court's website: www.azd.uscourts.gov.

1     **IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Bernardo P. Velasco for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rules (Civil) 72.1.

DATED this 1st day of March, 2011.

                                                      David C. Bury
                                               United States District Judge