IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Zandonatti, an unmarried woman,<br><br>Plaintiff,<br><br>vs.<br><br>MERS, as nominee for PRO30 Funding (Original Lender); EMC Mortgage Corp. (Attorney in Fact for Beneficiary); Quality Loan Service Corp. (Substitute Trustee); Red House Lending Inc. (Mortgage Broker); and John and Jane Doe 1-100 inclusive[1],<br><br>Defendants. | No. CV 10-468-TUC-JGZ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Before the Court are motions to dismiss by Defendants EMC Mortgage Corporation (EMC) (Doc. 25) and Quality Loan Service Corporation (Quality) (Doc. 27). For the reasons stated below, the Magistrate Judge recommends that Defendants' motions to dismiss be granted in part and denied in part.

**I. BACKGROUND**

On April 21, 2006, Plaintiff executed a promissory note and deed of trust in the amount of $271,920.00, secured by property located at 5689 West Copperhead Drive, Tucson, Arizona, 85742 (the Property). The original lender was PRO30 Funding. (Amended Complaint (Doc. 23), ¶ 16 and Ex. 1) Zandonatti assumed an adjustable rate

---

[1] The Magistrate Judge also recommends that the District Court dismiss Defendants John and Jane Doe 1-100 because the Federal Rules of Civil Procedure do not permit the use of fictitious defendants.

mortgage with an interest rate initially set at 8.00%, rising to 11.00% after 5 years with adjustments every six months after that to a high of 13.00%. *Id.* The loan also contained an interest only provision for the first 10 years. The Deed of Trust identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominal beneficiary for the lender and the lender's successors and assigns. (*Id.*, ¶ 6, Ex.1) On January 29, 2008, Defendant Quality was substituted as trustee. (*Id.*, ¶ 43) On January 29, 2010, Earl Hopida, Assistant Vice President for Quality, signed A Notice of Trustee's Sale of pursuant to the Deed of Trust, scheduling a trustee's sale of the Property for May 4, 2010. (*Id.*, Ex. 5) The notice, which was recorded on February 2, 2010, names Citibank, N.A. as the current beneficiary, and Quality as the trustee. (*Id.*, Ex. 5) Apparently, this non-judicial trustee sale is being pursued in respect to Plaintiff's property due to Plaintiff's default on her promissory note, though this is not alleged in the amended complaint.

On July 15, 2010, Zandonatti filed a complaint in Pima County Superior Court seeking damages, declaratory and injunctive relief against Defendants for alleged wrongdoing with regard to the Plaintiff's mortgage loan under the following theories: Violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* and Regulation Z ("TILA"); Violations of the Real Estate Settlement Practices Act, 12 U.S.C. §§ 2601, et. seq. ("RESPA"); and a variety of state law claims, including fraud, breach of fiduciary duty, breach of good faith and fair dealing, and quiet title. (Notice of Removal, Complaint)

On August 3, 2010, Defendant EMC filed a notice of removal in this court alleging federal question jurisdiction. (Doc. 1) Plaintiff moved to remand the case to state court, contesting this Court's jurisdiction over the claim's raised in the Complaint. (Doc. 9) The Magistrate Judge recommended the District Court deny the Motion to Remand. (Doc. 16) The District Court denied the motion to remand, and also granted pending unopposed motions to dismiss filed by Defendants Quality and EMC by dismissing the complaint with leave to amend for failure to state a claim. Plaintiffs subsequently filed an amended complaint (Doc. 23), and motions to dismiss by Defendants EMC (Doc. 25) and

- 2 -

Quality (Doc. 27) were filed.

**II. DISCUSSION**

    a. <u>Legal Standards</u>

        *i. Rule 8, Federal Rules of Civil Procedure*

A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir.1996). "Something labeled a complaint ..., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

        *ii. Rule 9(b), Federal Rules of Civil Procedure*

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kay-port Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Further, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding her alleged participation in the fraud. In the context of a fraud suit involving

multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme. *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal quotations, alterations, and citations omitted).

### iii. Rule 12(b)(6), Federal Rules of Civil Procedure

A case may be dismissed if it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.* A complaint that alleges only "labels and conclusions" or a "formulaic recitation of the elements of the cause of action" will not survive dismissal. *Twombly*, 550 U.S. at 555.

A *pro se* complaint 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 677 F.3d 338, (9th Cir. Nov.19, 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (*per curiam*)); *Haines v. Kerner*, 404 U.S.

519, (1972). Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile. *See Cook, Perkiss & Liehe, Inc., v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curium).

Although courts will not normally look beyond the pleadings in resolving a Rule 12(b)(6) motion, *Lee v. City of Los Angeles*, *250 F.3d 668*, 688 (9th Cir.2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.* And a court may disregard allegations of the complaint that are contradicted by attached exhibits. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986) (*abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994). Nor must the court accept unreasonable inferences or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

Here, the amended complaint fails to meet the Rule 8 pleading requirements. The amended complaint is filled with speculative legal conclusions, repetitive arguments, and contradictory factual allegations. The amended complaint does not contain a short and plain statement of each claim showing that Plaintiff is entitled to relief and the amended complaint lacks the simple, concise and direct allegations required by Rule 8. The amended complaint also fails to meet the heightened pleading standard for fraud pursuant

to Rule 9(b). However, because Plaintiff is proceeding *pro se*, the Court will evaluate the substance of her claims despite her failure to meet the requirements of Rules 8 and 9(b).

    b. Amended Complaint

Much of Plaintiff's allegations seem to be premised on the role of MERS and its impact on the origination and foreclosure procedures for home loans maintained within MERS. (Amended Complaint, ¶ 12-15) Plaintiff's amended complaint states that her case arises due to the fact that "the Defendants and, their Mortgage and the attempted foreclosure that followed, was and will be based upon a mortgage and a note in the mortgage that are not held by the same entity or party and are based upon a mortgage that was flawed at the date of origination of the loan because [] ("MERS") was named as the beneficiary or nominee of the lender on the mortgage or an assignee and because the naming of MERS as the beneficiary was done for the purpose of deception, fraud and harming the borrower." (Amended Complaint, ¶ 12) Though not stated as a separate cause of action, the Magistrate Judge will nonetheless address Plaintiff's allegations that the MERS arrangement or securitization generally invalidates any interest or authority. First, addressing Plaintiff's claims of fraud, generally, the allegations of misconduct related to fraud in the origination of the loan and the securitization process are over broad and general in nature. Plaintiff fails to identify, with the specificity required under Rule 9, "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; [and] (9) his consequent and proximate injury." *Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 647 P.2d 629, 631 (1982).

Plaintiff's allegations fail to address several of these necessary elements for a fraud claim. The Plaintiff has not identified any representations made to her about the MERS system and its role in her home loan that was false and material. None of her allegations indicate that the plaintiff was misinformed about MERS's role as a

beneficiary, or the possibility that her loan would be resold and tracked through the MERS system. Similarly, the Plaintiff has not alleged that she relied on any misrepresentations about MERS in deciding to enter into her home loan, or that she would not have entered into the loan if she had more information about how MERS worked. Finally, Plaintiff has failed to show that the designation of MERS as a beneficiary caused her any injury by, for example, affecting the terms of her loan, her ability to repay the loan, or her obligation as a borrower. Although the Plaintiff alleges that any future purchasers of the property in foreclosure would have a bogus and clouded title, as well as all other unsuspecting buyers down the line, in addition to impediments to the purchase of Title Insurance, Plaintiff does not allege any actual harm to herself. Thus, the Plaintiff fails to state a claim for fraud through the MERS system.

While the Plaintiff's allegations alone fail to raise a plausible fraud claim, her claim is also undercut by the terms in the deed of trust, which describe MERS's role in the home loan. The disclosures in the deed indicate that MERS is acting "solely as a nominee for Lender and Lender's successors and assigns" and holds "only legal title to the interest granted by Borrower in this Security Instrument." By signing the deeds of trust, the Plaintiff agreed to the terms and was on notice of the contents. *See Kenly v. Miracle Props.*, 412 F.Supp. 1072, 1075 (D.Ariz.1976) (explaining that a deed of trust is "an essentially private contractual arrangement"). In light of the explicit terms of the standard deed signed by Plaintiff, it does not appear that Plaintiff was misinformed about MERS's role in her home loan.

Moreover, Plaintiff fails to address the contentions in Defendant EMC's motion to dismiss that Plaintiff's theories have been flatly rejected under Arizona law. *See generally Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011). As to any allegations that Defendants have not produced the original note securing the mortgage, this claim lacks merit in Arizona. Arizona law does not require production of the original promissory note before foreclosure. *See Mansour v. cal-Western Reconfeyance Corp.*, 618 F.Supp.2d 1178, 1181 (D.Ariz. 2009). (Uniform Commercial

1  Code as codified in A.R.S. § 47–3301 does not require production of original promissory
2  note); *see also Diessner v. Mortgage Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1187
3  (D.Ariz.2009) ("Arizona's non-judicial foreclosure statute ... does not require
4  presentation of the original note before commencing foreclosure proceedings."); A.R.S. §
5  33–807 (describing requirements for foreclosure of trust deed). Moreover, the District
6  Court previously dismissed all claims Plaintiff made in the original complaint, including
7  a "show me the note" legal theory for the reasons stated in Defendant EMC's first motion
8  to dismiss (Doc. 3), and any attempt to reassert such a claim in this amended complaint
9  cannot cure this legal deficiency.

10  Arizona Revised Statute Section 47–3301 provides that a person may enforce the
11  instrument if they are, *inter alia*, the "holder of the instrument [or] a nonholder in
12  possession of the instrument who has the rights of a holder." The deed of trust provides,
13  "[t]he beneficiary of this Security Instrument is MERS ... and the successors and assigns
14  of MERS .... Borrower irrevocably grants ... to Trustee, in trust, with power of sale, [the
15  property.]" See A.R.S. § 33–807 (power of sale conferred upon trustee, property may be
16  sold after default). The court also was provided with the documents in which MERS
17  assigned successor interests to Citibank. (Amended Complaint, Ex. 2) Because Arizona
18  law does not require production of the original instrument, we find the information
19  provided to the court sufficient to satisfy the requirements of § 47–3301. *Mansour*, 618
20  F.Supp.2d at 1181.

21  Finally, to the extent that Plaintiff asserts that "all the signatures on her loan
22  documents are forgeries" (Doc. 29, at 3), first, it is not clear what legal significance this
23  assertion has to Plaintiff's claims. Though Plaintiff argues in her response to Defendant
24  EMC's motion to dismiss that because the lenders allowed a false Promissory Note and
25  Deed of Trust to be secured in the Plaintiff's name without her knowledge, the Plaintiff's
26  Note and deed of Trust were void upon execution, she does not make this argument or
27  these assertions in her amended complaint. Second, this assertion is at odds with
28  Plaintiff's own amended complaint which states that "Plaintiff signed the Promissory

Note and Mortgage" and "was deliberately induced into signing a Negotiable Instrument." (Amended Complaint, ¶ 29) Defendant EMC further asks this Court to take notice of these inconsistent allegations in light of Plaintiff's affirmation of the loan in signing a loan modification in 2008, attached as an exhibit to Defendant EMC's reply to Plaintiff's response in opposition to the motion to dismiss. The Court declines to take notice of this document however, because the Court finds it is not necessary for consideration of the motion to dismiss, and because the document is not one which the Court may consider in its limited scope of review on a motion to dismiss. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)("A court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.")(citations omitted); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (a court may take judicial notice of "matters of public record" as an exception to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion).

> *i. First Cause of Action: "Vacate Substitution of Trustee, Assignment of Deed of Trust, and Vacate Notice of Trustee Sale"*

Though Plaintiff's cause of action states a request for declaratory relief, Plaintiff has amassed an assortment of allegations against the "Foreclosing Defendants"[2] under this caption, primarily asserting that the appointment of Quality as substitute trustee was improper and the Trustee's Sale set for May 4, 2010 and any other future Trustee's Sale initiated against the property must be vacated because 1) the substitution failed to comply with A.R.S. § 33-804(F); 2) the substitution was signed by a so-called "robo-signer;" 3) MERS has no authority to conduct business in Arizona; and 4) the substitution of trustee

---

[2] Plaintiff's allegations in her first, second and fifth causes of action are alleged "Against the Foreclosing Defendants." It is difficult to establish which allegations support which cause of action against which Defendant, in violation of Rule 8, Federal Rules of Civil Procedure, and, where allegations of fraud are asserted, Rule 9. Though this alone is cause for dismissal, the Court will nonetheless address the substantive deficiencies of the amended complaint.

was not prepared by MERS, the beneficiary at the time, rather, the substitution was signed by Scott Walter, purporting to sign for EMC, which was not the beneficiary under the DOT, in violation of A.R.S. § 33-804(D). Plaintiff's contention also rests, in part, on her unsupported challenge to the legitimacy and authority of the MERS system and its speculative assertion that MERS did not have authority to assign the deed of trust to Citibank, an argument which this Court recognizes has been rejected by the Ninth Circuit. *See Cervantes, supra.*

### 1. A.R.S. § 33-804(F) (Amended Complant, ¶ 53)

Plaintiff contends that the appointment of Quality as trustee must fail because A.R.S. § 33-804(F) requires a trustee to resign before a new trustee may be appointed. Defendant Quality contends that A.R.S. § 33-803(F) does not require a trustee to resign before a new trustee is appointed. Defendant Quality is correct. Section 804(F) sets forth the requirements for a simple resignation of a trustee, not the substitution of a trustee. Section 804(E) states that a notice of substitution of trustee is effective immediately upon execution.

### 2. "Robo-signing" (Amended Complaint, ¶ 44, 64, 67)

Plaintiff alleges that she has "stated a claim against EMC and QLS for relief based on the unauthorized signatures on the Assignment, The Notice of Sale, and the Substitution of Trustee." (Amended Complaint, ¶ 47) Regardless of Plaintiff's bald contentions, the individuals executing the documents were permitted to sign as agents of the entities designated on the face of the documents. *See Eardley v. Greenberg*, 164 Ariz. 261, 792 P.2d 724, 727 (Ariz.1990) ("[W]e find nothing in the language of § 33–804(C) or the overall statutory scheme that would preclude a beneficiary from authorizing an agent to execute a notice of substitution of trustee."). Plaintiff has provided no facts supporting her claim that Scott Walter did not have authority as an agent of EMC to sign the document, or that Quality knowingly recorded a false document. Accordingly, the Magistrate Judge does not find the Notice of Substitution of Trustee and Assignment of Deed of Trust or Notice of Trustee's Sale are invalid and fraudulent based upon this fact.

### 3. MERS authority to conduct business in AZ (Amended Complaint, ¶ 58)

Plaintiff asserts that MERS has no authority to conduct business of any kind in the State of Arizona, and any document signed and/or recorded by MERS in Arizona is void and of no force and effect. (Amended Complaint, ¶¶ 6, 58) Plaintiff has not alleged that MERS signed the assignment in Arizona. See also Doc. 1-2. (Assignment of Deed of Trust bearing notarization stamp indicating Ohio). Nor has Plaintiff alleged shown that signing or recording an assignment of deed of trust in Arizona requires registration as a foreign corporation or entity. A.R.S. § 10-1501(B)("The following activities, among others, do not constitute transacting business within the meaning of subsection A; … Creating or acquiring indebtedness, mortgages and other security interests in real or personal property… Securing or collecting debts or enforcing mortgages and security interests in property securing the same.").

### 4. A.R.S. § 33-804(D) (Amended Complaint, ¶¶ 51-52)

Plaintiff contends that the Substitution was not prepared by MERS, the sole beneficiary under the DOT, rather, it was signed by an employee of Lender Processing Services, Scott Walter, purporting to sign for EMC, which was not the beneficiary under the DOT, in violation of A.R.S. § 33-804(D).

Under A.R.S. § 33–804, a beneficiary may appoint a successor trustee at any time, and a notice of substitution of trustee "shall be sufficient if acknowledged by all beneficiaries under the trust deed or their agents ...." Plaintiff claims that MERS is listed as a beneficiary under the deed of trust, but that it did not sign the notice of substitution of trustee and that therefore the notice of substitution of trustee was invalid. Accordingly, Plaintiff claims Citibank's agent, Scott Walter, did not have authority to record the notice of trustee's sale. The Court does find, however, that although Plaintiff has not provided any factual support for its contention that MERS was not authorized to transfer its beneficial interest in the deed of trust to Citibank, Plaintiff has stated a claim against Defendant EMC that EMC did not possess authority from the beneficiary under the deed

of trust when EMC's agent signed the notice of substitution. (Amended Complaint, ¶ 52) This is further supported by the documents attached to the complaint which demonstrate that the assignment of the beneficial interest in the deed of trust, MERS to Citibank, was executed on February 10, 2010, and recorded on February 18, 2010, nearly two years after the substitution of trustee was made on January 29, 2008. Thus, it is not apparent that Citibank was in fact a beneficiary under the deed of trust at the time the substitution of trustee was made. Quality requests that this Court take judicial notice of recorded documents assigning the beneficial interest in the deed of trust to Citibank on January 17, 2008; unfortunately, while these documents would appear to resolve this issue, Quality has not provided these documents to the Court.[3] Accordingly, the Magistrate Judge concludes that this issue is best addressed on summary judgment after the parties have had an opportunity to present evidence on this issue.

The Magistrate Judge finds that, as to Count One Plaintiff has alleged a plausible claim under A.R.S. § 33-804(D) only as to the issue of whether or not Citibank was designated a beneficiary of the deed of trust prior to the appointment of the successor trustee on January 29, 2008, before the appointment of the successor trustee. The remaining assertions of count one fail to state a claim for relief and the Magistrate Judge recommends that the District Court dismiss the second cause of action.

> *ii. Second Cause of Action: "Slander of Title"(Amended Complaint, ¶¶ 70-77)*

Plaintiff alleges that, because none of the "foreclosing defendants" were ever a trustee, beneficiary or assignee of any beneficiary of any Deed of Trust recorded against the property, they wrongfully caused the recording of the Notice of Trustee's Sale against the property, and EMC "wrongfully and without privilege, has published matters or

---

[3] The Magistrate Judge acknowledges that these exhibits would be an exception to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (a court may take judicial notice of "matters of public record" as an exception to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion toa summary judgment motion).

caused matters to be published that they are the current owners of the [property] which is untrue and disparaging to the Plaintiff's interest in the [property]." (Amended Complaint, ¶ 74) Under Arizona law, elements of slander of title are the uttering and publication of the slanderous words by the defendant, the falsity of the words, malice and special damages. *City of Tempe v. Pilot Properties, Inc.*, 22 Ariz. App. 356, 363 (Div. 1. 1974) (citing 50 Am.Jur.2d, Libel and Slander § 541, p. 1060 (1970). "Of these elements, malice has been said to be the gist of the action." *Id.* (citing *Glieberman v. Fine*, 248 Mich. 8, 226 N.W. 669 (1929)).

Plaintiff's has failed to allege that Defendants' actions were malicious, or that she has suffered special damages as a result. The Court does not accept as true Plaintiff's conclusory factual allegations that the "Foreclosing Defendants" "wrongfully caused the recording of the Notice of Trustee's Sale." *See Clegg*, 18 F.3d at 754-55 (Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged); *Western Mining Council*, 643 F.2d 618, 624 (9th Cir.1981)(Court not required to accept unreasonable inferences or unwarranted deductions of fact). Accordingly, the Magistrate Judge recommends that the District Court dismiss the second cause of action for failure to state a claim.

> iii. *Third Cause of Action: "Wrongful Foreclosure"(Amended Complaint, ¶¶ 78-83)*

Count Three asserts a claim of wrongful foreclosure against all defendants. Though Arizona state courts have not yet recognized a wrongful foreclosure cause of action, a plaintiff fails to state a plausible basis for relief by alleging that all transfers of interests in the home loans within the MERS system are invalid because the designation of MERS as a beneficiary is a sham and the system splits the deed from the note, and thus, no party is in a position to foreclose. *See Cervantes*, 656 F.3d at 1044. Moreover, under established theories of wrongful default that are recognized, a plaintiff must plead and prove that when the foreclosure was proceeding, there was no default on plaintiff's

1 part that would give rise to a right to foreclose. *Id.* (citations omitted). Plaintiff alleged neither that her home was sold, nor that she was not in default. Thus, even under recognized theories of wrongful foreclosure, Plaintiff has failed to plead a viable claim. Accordingly, the Magistrate Judge recommends that the District Court dismiss the third cause of action for failure to state a claim.

### *iv. Fourth Cause of Action: "Quiet Title"*

Plaintiff next asks for relief in the form of quiet title in her former home. Defendant EMC moves to dismiss Plaintiff's claim for failure to state a claim upon which relief may be granted. Specifically, Defendant argues that Plaintiff's quiet title claim is insufficient under A.R.S. § 12-1102 and further, without paying off her debt, Plaintiff cannot state a quiet title claim, as a matter of law.

Here, Plaintiff's factual allegations do not demonstrate why Quality, as successor trustee, does not hold bare legal title to the Property. The amended complaint alleges that Plaintiff "entered into a loan repayment and security agreement through a Promissory Note and Deed of Trust" (Doc. 23 at ¶ 16; *see also* Ex. 1 and 2.) Until Plaintiff pays off the loan, the trustee holds the title in trust as provided for in Arizona's deed of trust statutes. Thus, quiet title is not a remedy available to the trustor until the debt is paid or tendered. Plaintiff has not paid the loan amount, nor has Plaintiff alleged that she is ready, willing and able to tender the full amount owed. *See Farrell v. West*, 57 Ariz. 490 (1941) (refusing to quiet title until and unless the plaintiff tenders the amount owed, as required in equity). Instead, Plaintiff asks this Court to invalidate the claims of the beneficiary under the deed of trust. If Plaintiff wants to quiet title in her home, she must pay off the loan she used to buy the home. Plaintiff's amended complaint contains no allegation that she is prepared to pay off the loan. Accordingly, the Magistrate Judge recommends that the District Court dismiss the fourth cause of action for failure to state a claim.

### *v. Fifth Cause of Action: "Injunctive Relief"*

Plaintiff's fifth cause of action requests injunctive relief against the "foreclosing

- 14 -

1 defendants," but Plaintiff cannot plead an independent cause of action for injunctive relief because this is a remedy for an underlying cause of action, not a separate cause of action. Since Plaintiff has failed to sufficiently plead any underlying cause of action, she is not entitled to this equitable remedy.

Plaintiff has already amended her complaint once pursuant to the District Court's order, and even though Plaintiff does not seek leave to amend the amended complaint, the Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). In this case, the Magistrate Judge finds that Plaintiff will not be able to cure the deficiencies of her amended complaint for the reasons stated above. Many of Plaintiff's theories are without support in the law, and many of Plaintiff's allegations are not supported by relevant facts and supporting documents. Thus, granting further leave to amend to plead additional facts would be futile.

**III.   RECOMMENDATION**

In conclusion, as to all but a single claim, Plaintiff has failed to comply with the District Court's previous order, failed to plead in compliance with the Federal Rules of Civil Procedure, and has failed to cure the deficiencies of her complaint.

After careful consideration of Defendants' motions to dismiss (Doc. 25 and 27), the Magistrate Judge RECOMMENDS that the District Court GRANT IN PART and DENY IN PART Defendants' motions.

The Magistrate Judge FURTHER RECOMMENDS that the Defendants' motions to dismiss be GRANTED WITH PREJUDICE as to all causes of action stated in the Amended Complaint with the exception of Plaintiff's claim in Count One that the Substitution of Trustee was not authorized by the current beneficiary at the time it was

executed, in violation of A.R.S. § 33-804(D).

The Magistrate Judge FURTHER RECOMMENDS that the Defendants' motions to dismiss be DENIED as to Plaintiff's claim in Count One that the Substitution of Trustee was not authorized by the current beneficiary at the time it was executed, in violation of A.R.S. § 33-804(D).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed R. Civ.P. 72(b). If objections are filed the parties should use the following case number: **CV 10-0468-TUC-JGZ**.

If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir) (en banc), cert. denied, 540 U.S. 900 (2003).

Dated this 16th day of December, 2011.

_____
Bernardo P. Velasco
United States Magistrate Judge