IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Christina Zandonatti | ) | No. CV 10-468-TUC-JGZ |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| M.E.R.S., et al., | ) | |
| Defendants. | ) | |

Pending before the Court is a Report and Recommendation issued by Magistrate Judge Bernardo P. Velasco recommending that the District Court grant in part and deny in part the Motions to Dismiss filed by Defendants EMC and Quality Loan Service Corp. ("Quality") (Doc. 34.) The Magistrate Judge recommends that Plaintiff's Complaint be dismissed with prejudice as to all claims except her claim in Count 1 that the Substitution of Trustee was not authorized by the current beneficiary at the time it was executed, in violation of A.R.S. § 33-804(D). Plaintiff and Defendants have filed objections to the Report and Recommendation.[1] (Docs. 35, 39, 40 & 44.) The Court will accept and adopt the Report and Recommendation in part.

//

//

---

[1] The Court reviews *de novo* the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

1. **Plaintiff's Objections**

Plaintiff objects to the Report and Recommendation on the grounds that: (1) an opportunity for judicial review is important; (2) Defendant's Motions to Dismiss require improper consideration of evidence outside the pleadings; and (3) Plaintiff disputes the authenticity of the documents relied on by the Magistrate.[2] Each of these arguments was previously raised by Plaintiff and properly rejected by the Magistrate Judge. In addition, Plaintiff's Objections have no effect on the Magistrate Judge's correct conclusion that Plaintiff's Complaint should be dismissed for failure to comply with Rules 8 and 9(b) of the Federal Rules of Civil Procedure. As Plaintiff's objections do not undermine the analysis and proper conclusion reached by Magistrate Judge Velasco, Plaintiff's objections are rejected.

2. **Defendants' Objections**

The Magistrate Judge concluded that Plaintiff had alleged a plausible claim under A.R.S. § 33-804(D) "only as to the issue of whether or not Citibank was designated a beneficiary of the deed of trust prior to the appointment of [Quality as] the successor trustee on January 29, 2008." (Doc. 34, pg. 12.) The timing of Citibank's designation as beneficiary matters to Plaintiff's claim because if Citibank was not the beneficiary of the deed of trust when it signed the January 29, 2008 Substitution of Trustee appointing Quality as trustee, then the Substitution was arguably invalid under A.R.S. § 33-804(D), which in turn means Quality lacked authority to notice a trustee's sale of Plaintiff's property in January, 2010. The Magistrate Judge further noted that this issue would be resolved if Quality provided to the Court recorded documents demonstrating that the beneficial interest in the deed of trust was assigned to Citibank on January 17, 2008. (*Id*.) The Magistrate corrected stated that the Court is permitted to take judicial notice of "matters of public record" without converting the Motions to Dismiss into summary judgment motions. (*Id*. at n. 3.)

---

[2] Without explanation, Plaintiff also seeks to add an additional defendant. (Doc. 40, pg. 2.) That request is neither a proper objection to a Report & Recommendation nor a timely request.

1    In its Objection to the Report and Recommendation, Quality has referenced an
2 attached Assignment of Deed of Trust documenting MERS assignment of the deed of trust
3 to Citibank on January 17, 2008. (Doc. 39, pg. 5.) The Assignment was not recorded,
4 however, until March 28, 2008. *See* A.R.S. § 33-411 (requiring recording of instruments
5 affecting real property). Thus, factual and legal issues remain regarding whether the
6 January 29, 2008 Substitution of Trustee was valid under A.R.S. § 33-804(D). *See, e.g.,*
7 *Eardley v. Greenberg*, 164 Ariz. 261, 792 P.2d 724 (Ariz. 1990) ("any person who receives
8 an assignment of beneficial interest and does not record it is in jeopardy of having the
9 assignment declared invalid as against a subsequent purchaser for value without notice . . .
10 the trustor has standing to inquire into and raise objections about the process by which a
11 trustee has been substituted).

12    Although Plaintiff may have a viable claim arising under A.R.S. § 33-804(D), the
13 Court agrees with EMC's Objection to the Report and Recommendation that a claim under
14 A.R.S. § 33-804(D) may only be used to void a trustee's sale. The Court takes judicial notice
15 of the Cancellation of Trustee's Sale recorded on March 15, 2009 and attached to EMC's
16 Objection. Because no trustee's sale is currently pending, Plaintiff's claim under A.R.S. §
17 33-804(D) is currently moot.

18    **Accordingly, IT IS HEREBY ORDERED as follows:**

19    (1)   The Report and Recommendation (Doc. 34) is accepted and adopted in part.
20          The District Court agrees with the Magistrate Judge's conclusion that
21          Defendants' Motions to Dismiss (Docs. 25 & 27) be **GRANTED.**

22    (2)   All causes of action stated in the Amended Complaint with the exception of
23          Plaintiff's claim in Count One that the Substitution of Trustee was not
24          authorized by the current beneficiary at the time it was executed, in violation
25          of A.R.S. § 33-804(D), are **DISMISSED WITH PREJUDICE**.

26    (2)   Plaintiff's claim in Count One that the Substitution of Trustee was not
27          authorized by the current beneficiary at the time it was executed, in violation
28          of A.R.S. § 33-804(D), is **DISMISSED WITHOUT PREJUDICE**. In the

event that a Trustee's Sale of Plaintiff's property is re-noticed, Plaintiff may file an Amended Complaint pursuing this claim.

(3) The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

DATED this 16th day of March, 2012.

*Jennifer Zipps*
Jennifer G. Zipps
United States District Judge

- 4 -